**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLTON HOOKER,

    Plaintiff,

v.                                  Case No: 8:14-cv-333-T-30AEP

ERIC K. SHINSEKI, Secretary of the
Department of Veteran's Affairs,
WALLACE HOPKINS,

    Defendants.

---

**ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Amended Complaint and Request for Pre-Filing Injunctive Relief (Dkt. # 11), Plaintiff's Response in Opposition to the Motion (Dkt. #15), and Plaintiff's Motion for Summary Judgment (Dkt. # 16). Upon review and consideration, it is the Court's conclusion that the case should be dismissed.

*Background*

Plaintiff, *pro se*, filed this action alleging unlawful termination of his employment with the Department of Veterans Affairs as retaliation for his participation in protected activity under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act and the Equal Pay Act. He sues Shinseki as the Secretary of the Department of Veteran's Affairs and Hopkins as a former director within the agency.

Plaintiff has filed several cases in in this Court asserting claims against the Department of Veteran's Affairs and its employees regarding alleged retaliation for his participation in protected activity and alleged violations of his right to privacy. All of the Plaintiff's previous cases have been dismissed. *See Hooker v. Secretary Department of Veterans Affairs*, Case No.:11-cv-1230-VMC-EAJ, ("*Hooker I*") (case dismissed with prejudice pursuant to Rule 37(b)(2), final judgment entered in favor of Defendant), *Hooker v. Shinseki,* Case No.:12-cv- 2759-JSM-TBM ("*Hooker II*") (case dismissed with prejudice on *res judicata* grounds), *Hooker v. Shogren, et. al.*, 8:13-cv-1655-MSS-TBM (case dismissed for failure to state a claim, Shogren was Plaintiff's supervisor), *Hooker v. Shinseki,* 8:14-cv-344-JSM-EAJ, (case dismissed on *res judicata* grounds).

*Discussion*

I. **Defendant's Motion to Dismiss**

Defendants move to dismiss this claim with prejudice on the basis of *res judicata* as to all claims against Shinseki based on prior dismissals of the same claims. Further, the Motion argues that Hopkins is not an appropriate Defendant in this case since Plaintiff sues Hopkins only on allegations pertaining to his official capacity as a former director within the Department of Veteran's Affairs. Therefore, he is limited to naming only the head of the federal agency when pursuing an employment discrimination case against a federal employer.

Plaintiff argues that this case is different from *Hooker I* and *Hooker II* because his previous claims related to a fourteen day proposed suspension, and the claims in this lawsuit are limited to claims regarding "retaliation for the prior EEO activity and violations

2

of law under the EEOC Participation Clause." Plaintiff's arguments are unavailing. The Amended Complaint asserts that Plaintiff made contact with an EEOC counselor on October 2, 2009 to file a complaint against management officials of the Department of Veteran's Affairs police service. However, Plaintiff references and relies upon these same allegations in his previous complaints.

*Res judicata* acts as a bar "to all legal theories and claims arising out of the same operative nucleus of fact" and also "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Trustmark Insurance Company v. ESLU, Inc.*, 299 F.3d 1265, 1270 n.3, 1271 (11th Cir. 2002). "A party seeking to invoke *res judicata* must show that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Trustmark*, 299 F.3d at 1269 (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)). The test for determining whether the same cause of action is involved is "whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). A "cause of action" includes not only the specific legal theory raised in the earlier case, but also "all legal theories and claims arising out of the same operative nucleus of fact." *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

This case meets all four criteria. Plaintiff's Amended Complaint alleges retaliation and retaliatory hostile work environment against Shinseki. Plaintiff raised or could have raised these claims in *Hooker I* and *Hooker II*, as they derive from the same nucleus of

operative facts. The prior dismissals were final and entered by a court of competent jurisdiction. Therefore, his claims are barred by *res judicata* and the Court should dismiss the Amended Complaint with prejudice.

As to Plaintiff's claims against Hopkins, he alleges only conduct by Hopkins in his official capacity as the former director of the Bay Pines Veteran's Administration Medical Center. Hopkins is not a proper Defendant. Pursuant to 42 U.S.C. § 2000e-16(c), Title VII, an employee or applicant for employment with an executive agency who is aggrieved by the agency's final disposition of his complaint of discrimination may bring an action against "the head of the department, agency or unit." *See, e.g. Hall v. Small Business Administration*, 695 F.2d 175, 180 (5th Cir. 1983) (in Title VII action brought against the SBA, only the Administrator of the SBA was a proper defendant because the Administrator is the head of the agency, regional director, and its district director were improperly joined). Therefore, the Court should dismiss the case against Hopkins.

## II. Defendants' Request for Pre-Filing Injunction

Defendants request a pre-filing injunction under the All Writs Act which states in pertinent part that "[t]he Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Although Plaintiff has filed four previous actions related to his employment with the Department of Veteran's Affairs – all of which have been dismissed in this federal court- the Court denies the request at this time. However, Plaintiff is on notice that if he files any future pleadings that the Court deems legally frivolous or barred by the doctrine of *res judicata*, the Court will

designate him as a vexatious litigant which will require Court approval prior to filing any future action related to his employment or termination from the Department of Veteran's Affairs.

### III.     Plaintiff's Motion for Summary Judgment

Plaintiff filed a Motion for Summary Judgment arguing against Defendant's Motion to Dismiss and relying on the allegations and exhibits in his Amended Complaint as evidence of undisputed facts. Plaintiff's Motion is moot given the Court's holding on Defendant's Motion to Dismiss.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss and Request for Injunctive Relief (Dkt. #11) is GRANTED in part.

2. Plaintiff's Motion for Summary Judgment, Request for Oral Argument and Memorandum of Law (Dkt. # 16) is DENIED as moot.

3. This case is DISMISSED with prejudice.

4. The Clerk is directed to close this case and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of April, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-333 mtd 11 msj 16.docx