**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLTON HOOKER,

Plaintiff,

v. Case No: 8:14-cv-333-T-30AEP

ERIC K. SHINSEKI and
WALLACE HOPKINS,

Defendants.

---

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Response to Order on Motion to Dismiss, and Supplemental Motion for Summary Judgment (Dkt. #18) (the "Motion"). It is the Court's conclusion that the Motion should be denied.

***Background***

*Pro se* Plaintiff, Carlton Hooker, filed this action alleging unlawful termination of his employment with the Department of Veterans Affairs as retaliation for his participation in protected activity under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act and the Equal Pay Act.

Plaintiff has filed several cases in in the Middle District of Florida Tampa Division asserting claims against the Department of Veterans Affairs and its employees regarding alleged retaliation for his participation in protected activity and alleged violations of his right to privacy. Plaintiff's previous cases have all been dismissed. *See Hooker v.*

*Secretary Department of Veterans Affairs*, Case No.:11-cv-1230-VMC-EAJ, (“*Hooker I*”) (case dismissed with prejudice pursuant to Rule 37(b)(2), final judgment entered in favor of Defendant), *Hooker v. Shinseki*, Case No.:12-cv- 2759-JSM-TBM (“*Hooker II*”) (case dismissed with prejudice on *res judicata* grounds), *Hooker v. Shogren, et. al*., 8:13-cv-1655-MSS-TBM (case dismissed for failure to state a claim, Shogren was Plaintiff’s supervisor), *Hooker v. Shinseki*, 8:14-cv-344-JSM-EAJ, (case dismissed on *res judicata* grounds).

Plaintiff’s claims in the instant case were barred on the basis of *res judicata* as to all claims against Shinseki based on prior dismissals of the same claims. Further, Hopkins was not an appropriate Defendant as Plaintiff’s only allegations against Hopkins pertained to his official capacity as a former director within the Department of Veterans Affairs. For these reasons, Plaintiff’s Second Amended Complaint was insufficient to survive Defendants’ Motion to Dismiss (Dkt. #11) and this Court entered an Order dismissing Plaintiff’s Second Amended Complaint with prejudice (Dkt. #14).

***Discussion***

The Court will construe Plaintiff’s Motion as a motion for reconsideration of the Court’s April 29, 2014 Order dismissing the case with prejudice and closing the case. Grounds for granting a motion for reconsideration include newly-discovered evidence and manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation and citation omitted). An intervening change in controlling law may also constitute basis for reconsideration of a prior ruling. *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012), *reconsideration denied* (July 31, 2012).

A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See id.; Arthur*, 500 F.3d at 1343.

Plaintiff's Motion fails to present any newly-discovered evidence, error of law or fact, or change in controlling law. Instead, Plaintiff's Motion attempts to rehash the same arguments and matters he raised on several occasions in this case and in related dismissed cases. Accordingly, Plaintiff has not established adequate grounds for reconsideration of this Court's April 29, 2014 Order and Plaintiff's Motion should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Response to Order on Motion to Dismiss, and Supplemental Motion for Summary Judgment (Dkt. #18) is DENIED.

2. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-333 reconsider 18.docx